IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.Z., | : | CIVIL ACTION |
|     *A Minor, by His Parent and Natural* | : | |
|     *Guardian, D.Z.*, et al. | : | |
| | : | |
| v. | : | No. 11-2313 |
| | : | |
| BETHLEHEM AREA SCHOOL DISTRICT | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                           **July 8, 2011**

      Plaintiff M.Z., a learning-disabled high school student, filed the instant action under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq.*, to challenge a Hearing Officer's determination that he was not entitled to an Independent Educational Evaluation (IEE) at public expense despite the inadequacy of the progress report prepared by the Defendant Bethlehem Area School District (the District). For the following reasons, judgment shall be entered in favor of M.Z..

**FACTS**

      M.Z., a 15-year-old student in the District, has been diagnosed with Central Auditory Processing Disorder (CAPD) and Pervasive Developmental Delay, Not Otherwise Specified (PDD-NOS), which is an Autism Spectrum Disorder (ASD). He receives gifted services and, prior to 2010, had been found eligible for special education services. In accordance with the Individual Education Plan (IEP) developed by the District while M.Z. was in middle school, M.Z. received regular academic education plus speech therapy and occupational therapy.

      In early 2010, midway through M.Z.'s eighth grade year, the District reevaluated M.Z.'s learning ability through an examination by a school psychologist. On March 21, 2010, the

psychologist issued an evaluation recommending that M.Z. stop receiving specially designed instruction because it was no longer necessary. As a result of the psychological evaluation and M.Z.'s participation in extracurricular activities, improvement in speech, and success on various assessments, the District's evaluator issued a Report and Recommendation (Report) proposing termination of M.Z.'s IDEA eligibility. Pending review of this Report, the District continued to provide the services described in M.Z.'s IEP.

In response to the evaluator's Report, M.Z.'s parent asked the District to pay for an IEE pursuant to 34 C.F.R. § 300.502. The District refused, instead filing an administrative complaint seeking a due process hearing to defend its recommendation. The requested hearing was held before a Hearing Officer on August 24, 2010, and September 13, 2010.

On January 1, 2011, the Hearing Officer issued a opinion in which she ordered the District to update its Report to include classroom observations and input from M.Z.'s teachers and parent as a means to determine how M.Z. functioned following his transfer from middle school to high school. The Hearing Officer also ordered M.Z.'s IEP team to meet after such information was acquired and to make a new determination regarding M.Z.'s entitlement to special education services. The Officer also concluded, however, that an IEE at public expense was not required. M.Z. challenges this final conclusion and asks that the District pay for a full IEE.[1]

Both parties now seek judgment on the administrative record.

---

[1] Since this filing of this complaint, the District created an updated report in accordance with the Hearing Officer's determination, which it seeks to add to the administrative record. This Court has broad discretion to decide whether it is appropriate to admit additional evidence into the administrative record. *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 760 (3d Cir. 1995). After consideration of both parties' arguments regarding this evidence, this Court finds the updated report offered by the District must be excluded because it is not relevant to the central issue in this case, which is whether or not the Hearing Officer erred when she failed to order the District to complete a full IEE.

**DISCUSSION**[2]

To ensure every child receives a free and appropriate public education as required by the IDEA, each eligible child must have an Individual Education Plan (IEP), "a detailed written statement arrived at by a multi-disciplinary team summarizing the child's abilities, outlining the goals for the child's education and specifying the services the child will receive."[3] *S.H.*, 336 F.3d at 264. The IEP must be "reasonably calculated to enable the child to receive educational benefits." *Rowley,* 458 U.S. at 206-07. An IEP need not maximize the potential of a disabled student, because Congress did not intend the IDEA to guarantee a specific outcome, but to provide a basic level of educational opportunity. *Rowley*, 458 U.S. at 192 (quoting S. Rep. No. 94-168, at 11 (1975)); *Polk v. Centr. Susquehanna Intermediate Unit 16*, 853 F.2d 171, 178 (3d Cir. 1988).

Under the IDEA, a school district must reevaluate a student who receives special education services at least once every three years to determine if the child is still eligible for special education. 20 U.S.C. § 1414(a)(2)(B)(ii), (b)(4); 34 C.F.R. § 300.303. This reevaluation must assess a student's relevant functional, developmental, and academic skills to provide any necessary updates to the student's IEP and to determine whether the student continues to be eligible for special education

---

[2] Under the IDEA, a party dissatisfied with the outcome of a due process hearing may appeal the decision of the hearing officer by filing suit in federal district court. 20 U.S.C. § 1415(i). The district court receives the records of the administrative proceeding, hears additional evidence at either party's request, and, using a preponderance of the evidence standard, grants such relief as the court determines is appropriate. 20 U.S.C. § 1415(i)(2)(c). Under this standard, the court is required to give "due weight" to the administrative proceeding. *Bd. of Educ. v. Rowley*, 458 U.S. 176, 205-06 (1982). The "due weight" requirement, which has been described as "modified *de novo*" review, means a federal district court reviewing the administrative fact-finder's conclusions is required to defer to such factual findings unless the court identifies contrary non-testimonial extrinsic evidence in the record. *S.H. v. State-Operated Sch. Dist.*, 336 F.3d 260, 270 (3d Cir. 2003).

[3] An IEP must include: (1) a statement of the child's levels of academic achievement and functional performance, (2) measurable annual goals, (3) a description of how progress will be measured and when progress reports will be provided, and (4) a statement of the special education services and supplementary aids to be provided. 20 U.S.C. § 1414(d)(1)(A); *see* 34 C.F.R. § 300.320(a).

services. 20 U.S.C. § 1414(b); 34 C.F.R. § 300.304. If a student receives an evaluation with which the parent disagrees, the parent has a right to an IEE unless the school district files a due process complaint to request a hearing, and "the final decision [of the Hearing Officer] is that the agency's evaluation is appropriate." 34 C.F.R. § 300.502.

Here, the Hearing Officer committed an error of law because, after she correctly found the District's Report was inappropriate, she declined to order an IEE as required by 34 C.F.R. § 300.502. The Hearing Officer stated she would not require the District to conduct a full IEE because M.Z.'s parent "did not really take issue with the accuracy of the test results that the District obtained" to include in its Report. Op. at 7. This rationale improperly places a burden on parents to make specific arguments in order to obtain an IEE at the public's expense, whereas § 300.502 requires a publicly funded IEE whenever a Report is inappropriate.

The District argues the Hearing Officer did not err in declining to order an IEE, contending that the Hearing Officer actually found the Report appropriate. This argument is meritless because the Officer repeatedly expressed her belief that the Report was inadequate. *See, e.g.*, Op. at 5 ("[T]he evaluation is not so much flawed as incomplete and partially outdated . . ."); Op. at 6 ("[The Report] needs to be updated with current classroom observations and input from teachers . . . Similarly, the effects, if any, of [M.Z.]'s CAPD . . . requires additional observation and assessment."); Op. at 8 (concluding that "the evaluation cannot be used as an appropriate basis for determining whether [M.Z.] is currently IDEA eligible").[4] Based on these comments, the Hearing Officer clearly found the Report inappropriate. In such circumstances, the District may not simply expand and update its

---

[4] For the reasons the Hearing Officer explained in her opinion, this Court agrees with the Hearing Officer's conclusion that the District's Report was inappropriate.

original evaluation. Instead, when a Report is inappropriate, federal regulations require a full IEE.

Accordingly, judgment shall be entered in favor of M.Z. and the District is ordered to provide M.Z. with a publicly funded IEE. A separate order follows.

BY THE COURT:


\s\ Juan R. Sánchez
Juan R. Sánchez, J.